HANNAH & LAY MERCANTILE CO. *v.* HARTZELL.[1]

1. MECHANICS' LIENS—DESCRIPTION OF PREMISES—VARIANCE.

A mechanic's lien will not be defeated because of an erroneous reference, in the statement of lien filed with the register of deeds, to the title of the village plat in which the premises are located, where the only lots owned by the defendant in said village, corresponding to those set forth by number in the statement of lien, are the ones on which the building was erected, and which are described in the bill to enforce the lien.

2. SAME—PAYMENTS BY OWNER—EVIDENCE.

In a suit to enforce a mechanic's lien, proof that the owner of the building paid for labor and materials entering into its construction, on the order of the contractor, an amount exceeding the original contract price, is insufficient of itself to show that he has discharged his full obligations under the contract, where it appears that some extras were furnished, and the contract gave him the right to make alterations in the plans, whereby the contract price might be increased.

3. SAME—DISTRIBUTION.

An owner making payment for labor and material without requiring from the contractor the sworn statement provided for by 3 Comp. Laws 1897, § 10713, is entitled to credit therefor, as against a lien claimant, only so far as the amount paid has been distributed *pro rata* among the several claimants, in accordance with section 10710.

4. SAME—DEFECTS IN CONSTRUCTION—RECOUPMENT.

Where the owner has accepted the building from the contractor as complying with the contract, he cannot recoup against a material man for alleged defects in construction.

Appeal from Wexford; Aldrich, J.   Submitted June 12, 1900.   Decided November 13, 1900.

Bill by the Hannah & Lay Mercantile Company against S. E. Hartzell, Charles H. Bostick, and others to enforce a mechanic's lien.   From a decree for complainant, defendant Bostick appeals.   Affirmed.

[1] Rehearing denied January 15, 1901.

*Manly C. Dodge*, for complainant.

*J. C. Wheeler* (*Sawyer & Bishop*, of counsel), for appellant.

Long, J. This bill was filed to enforce a lien for materials furnished to S. E. Hartzell, a contractor and builder, in putting up a building for Charles H. Bostick, in Wexford county. The contract price was $2,388. The building was completed about August 1, 1898, and Bostick went into the occupancy thereof. To secure its claim, complainant filed the statutory statement of lien within the proper time upon the lands and building of which Bostick was the owner. The property was described in the bill as "the west twenty-five feet off from lot twenty-one, and the west twenty-five feet off from the north half of lot twenty, in the village of Manton, Wexford county, and State of Michigan, according to the railroad plat thereof." It appears that all the formal steps necessary to constitute a valid lien were regular. The owner, contractor, and lien claimants were made parties defendant to complainant's bill. It is undisputed that, at the time the liens were filed, Hartzell, the contractor, was owing to the complainant $109.94, and to the Greilick Co., another lien claimant, $333.36. A decree was made in the court below confirming the liens. The only defendant who answered the bill was the owner. It was taken as confessed as to the others. The defendant has appealed. He contends that the court below was in error in the decree rendered, for the reasons:

1. That there is a variance between the description of the premises in the notice of lien and statement of account filed with the register of deeds and in the bill of complaint upon which the lien is sought to be enforced.[1]

2. That there is no proof whatever that the materials furnished by the complainant ever entered into the construction of the building owned by defendant Bostick.

----

[1] The lots were described in the statement of lien as being located in the "original" plat of said village.

3. That the proofs do not show that the notice of lien and statement of account was filed within 60 days after the last material was furnished.

4. That, the building being improperly constructed, the defendant is entitled to recoup a *pro rata* share of his losses from the complainant, if he be liable to complainant at all, and that the sum decreed in the case is correspondingly too large.

We are unable to agree with counsel for defendant upon any of these questions. It is undisputed that the building in question for which the complainant furnished materials belongs to Bostick; that it was built by Hartzell under a contract with Bostick, and is the only one built by him for Mr. Bostick. It is admitted by defendant Bostick that he does not own any interest in any other lots 20 and 21 in the village of Manton, and that the brick building built by Hartzell under the contract is located upon lots 20 and 21, and as described in the bill of complaint. The question of improper description under the claim of lien was discussed in *Jossman* v. *Rice*, 121 Mich. 270 (80 N. W. 25), and it was said that where the building is constructed on lots contemplated by the contract, being the only lots which the owner owns in the village, the lien can be claimed upon the land, though the contract describes it merely as ground in the village. That case, we think, disposes of the question raised here.

It is charged in the bill that at no time has Hartzell, the contractor, made out and delivered to Bostick, the owner, or his agent, a statement, under oath, of the name of any subcontractor or laborer employed by the contractor on the building, or the name of any person, firm, or corporation furnishing materials therefor, giving the amount which is due or to become due, as in such cases required by the statute. This allegation was admitted by the answer. We make this statement for the reason that a further claim is made by the defendant that he has already paid more than the contract price, and should be relieved from paying complainant the full amount of its claim.

It appears that certain amounts were paid by the defendant to Hartzell. The defendant shows the total amount paid by him on orders and by checks to various parties for labor performed and materials furnished in the construction of the building, but there is no evidence that such amount was paid in pursuance of the written contract for the construction of the building. There was some extra work and some extra materials furnished; and the contract provides that the owner might require alterations to be made in the original plans, whereby the contract price might be increased or diminished, yet no evidence was introduced to show what the contract price, as finally adjusted, amounted to, or if there were any large alterations or variations from the original contract agreed upon and carried out. In the absence of such evidence, it cannot be presumed that the amount paid by the defendant owner was either in full or in excess of the contract price as finally agreed upon. There is no showing, even if overpayments were made, that the contractor distributed such payments to the subcontractors, laborers, and material men *pro rata*. Therefore the owner is not now in a position to contend that any deductions should be made from the claimants now asserting liens. See *Smalley* v. *Gearing*, 121 Mich. 190 (79 N. W. 1114); *Fairbairn* v. *Moody*, 116 Mich. 61, 65 (74 N. W. 386, 75 N. W. 469).

We think there is some evidence that the materials furnished by the complainant went into the construction of the building owned by the defendant.

It appears from the sworn statement by the complainant that the last of the materials were furnished on the 20th day of July, 1898, and the statement of lien made on the 12th of August following. The bill states that this statement was filed in the office of the register of deeds on August 13, 1898, within the 60 days from the date when the last of the materials were furnished by the complainant. This is not denied by the answer, and there is some

proof tending to show that this was the date of the filing with the register of deeds.

We think the defendant's contention that he should be allowed to recoup for the alleged defects in the building is not sustained by the evidence. He claims that he paid the contractor in full, and had gone into possession when this bill was filed. As between himself and the contractor, he was apparently suited with the building and accepted it, but he now attempts to set up this claim of recoupment against the parties furnishing the materials, which he did not set up against the contractor.

We think the court below was not in error in sustaining complainant's claim. The decree below must be affirmed, with costs.

The other Justices concurred.