proof tending to show that this was the date of the filing with the register of deeds.

We think the defendant's contention that he should be allowed to recoup for the alleged defects in the building is not sustained by the evidence.   He claims that he paid the contractor in full, and had gone into possession when this bill was filed.   As between himself and the contractor, he was apparently suited with the building and accepted it, but he now attempts to set up this claim of recoupment against the parties furnishing the materials, which he did not set up against the contractor.

We think the court below was not in error in sustaining complainant's claim.   The decree below must be affirmed, with costs.

The other Justices concurred.

---

### J. E. GREILICK CO. *v.* HARTZELL.

MECHANICS' LIENS—DEFENSES.

> Case ruled by *Hannah & Lay Mercantile Co.* v. *Hartzell, ante,* 177.

Appeal from Wexford; Aldrich, J.   Submitted June 12, 1900.   Decided November 13, 1900.

Bill by the J. E. Greilick Company against S. E. Hartzell, Charles H. Bostick, and others to enforce a mechanic's lien.   From a decree for complainant, defendant Bostick appeals.   Affirmed.

*Manly C. Dodge*, for complainant.

*I. C. Wheeler* (*Sawyer & Bishop*, of counsel), for appellant.

PER CURIAM. This case involves the identical questions that were raised in the case of the Hannah & Lay Mercantile Company against the same defendants, *ante*, 177 (84 N. W. 52). That case is controlling of the present. The decree must be affirmed.

---

WATSON *v.* KENT CIRCUIT JUDGE.

APPEALS FROM PROBATE COURT—LACHES—EXCUSE.

> An application to the circuit court for permission to appeal, after the lapse of the 60 days prescribed by statute, from an order of the probate court allowing an executor's final account, which sets out merely that the petitioner's attorney never advised her that certain items of the account were erroneously allowed, and that she, being ignorant of her legal rights, failed to appeal, does not disclose a situation within 1 Comp. Laws 1897, § 674, which authorizes the circuit judge to allow an appeal where it appears that petitioner, "from any cause, without default on his part," omitted to appeal seasonably.

*Mandamus* by Carrie Yale Watson to compel Willis B. Perkins, circuit judge of Kent county, to vacate an order denying an appeal from probate court. Submitted October 2, 1900. Writ denied November 13, 1900.

*Charles McPherson* (*Crane, Norris & Stevens,* of counsel), for relator.

*Wolcott & Perkins,* for respondent.

LONG, J. A petition was filed in the circuit court by the petitioner praying that she might be allowed to take an appeal from certain orders of the probate court, to wit, from an order allowing the final account of Charles D. Lyon, as executor of the estate of Truman H. Lyon,