J. E. GREILICK CO. *v.* ROGERS.

144  313
f151  ⁴147
e151  ⁶282
151  ¹287

1. APPEAL AND ERROR — BRIEFS — FAILURE OF APPELLEE TO ANSWER CLAIM OF ERROR.

It is the duty of this court to answer a claim of error though the answer is not suggested by counsel for the appellee.

2. EQUITY — RULES — PLEADING — FAILURE TO ANSWER ALLEGATIONS OF BILL.

Under Chancery Rule 10*d*, failure of defendant, in a suit to enforce a mechanics' lien, to answer an allegation of the bill that personal service of the lien statement was not made upon him because of his absence from the county, admits the truth of such allegation and obviates the necessity of proving it.

3. MECHANICS' LIENS—STATEMENT OF LIEN— SERVICE — AGENT OF OWNER.

Service of a mechanics' lien statement on the wife of the owner residing on the premises, he being absent, and she apparently having the authority usually exercised by wives over homestead premises in the absence of their husbands, is service on the owner's "agent having in charge such premises" within the meaning of section 10715, 3 Comp. Laws.

4. HUSBAND AND WIFE—AGENCY OF WIFE—EVIDENCE.

On the issue whether the wife of defendant was his agent in

charge of the homestead during his absence, evidence examined, and *held*, to support a finding that she was, notwithstanding an affliction that prevented her speaking in words, and the testimony of the husband that a certain employé "generally supervises everything for me when I am not there."

5. MECHANICS' LIENS — LIEN OF SUBCONTRACTOR — PAYMENTS TO CONTRACTOR—ALLOWANCE.

Payments to the principal contractor, made without requiring of him the sworn statement required by section 10713, 3 Comp. Laws, which are not distributed pro rata among the subcontractors, laborers, and materialmen, cannot be allowed in his favor as against the lien of a materialman.

6. SAME—FAILURE OF CONTRACTOR TO PERFORM—RECOUPMENT OF DAMAGES.

The owner cannot complain that he is not allowed to recoup his damages for the contractor's failure to perform, where, disallowing unauthorized payments to the contractor, more than enough remains to pay his damages and the claim allowed the lien claimant.

Appeal from Grand Traverse; Mayne, J. Submitted April 18, 1906. (Docket No. 85.) Decided May 24, 1906.

Bill by the J. E. Greilick Company against George Mills Rogers and Charles Schumacher to enforce a mechanic's lien. From a decree for complainant, defendant Rogers appeals. Affirmed.

*Covell & Cross*, for complainant.

*Parm C. Gilbert*, for appellant.

CARPENTER, C. J. This is a proceeding in chancery under the mechanic's lien law of this State brought by complainant to enforce a lien against the premises of defendant Rogers for material furnished and used in the erection of buildings thereon. Defendant Schumacher was the principal contractor. Complainant obtained a decree in the lower court. Defendant Rogers appeals, and asks us to reverse that decree for several reasons.

1. The statement of lien was not served on appellant per-

sonally, but was served on his wife—whom complainant claims was his agent in charge of the premises—the ninth day after the same was filed, and no effort was thereafter made to serve the same upon appellant. Appellant contends that this service was insufficient for two reasons:

(_a_) He contends that the statute (section 10715, 3 Comp. Laws), properly construed, authorizes service on the agent when, and only when, the owner cannot be found within the county at any time during the 10 days next after the filing of the statement of lien, and that the service in question is insufficient because complainant did not prove that the owner could not be so found. Complainant answers that he did not prove appellant's absence because it understood at the hearing that that fact was conceded. We do not think that fact was conceded at the hearing. We do think, however, a complete answer to defendant's contention is to be found in the condition of the pleadings. We have felt reluctant to make this answer, because it may be claimed that it is not suggested in the brief of complainant's counsel. Their failure to suggest it does not, however, relieve us from the duty of making it. It is our duty to make the proper answer to a claim of error, even though that answer is not suggested by counsel. If we do not perform that duty, we would decide that to be erroneous which is not erroneous. We think it our duty, therefore, to answer the contention under consideration by saying that the pleadings relieved complainant from all obligation to prove that personal service could not be made upon appellant during the 10 days next after the filing of the statement of lien. Complainant's bill avers "that the said George Mills Rogers could not be found within said county * * * at any time within the 10 days next after the filing of said statement of lien * * * and that personal service of a copy of said lien could not be made on said George Mills Rogers within 10 days after the filing thereof because of the absence of said George Mills Rogers from said county." Appellant, though he

answered complainant's bill, failed to answer this averment. By this failure to answer, appellant admitted the averment to be true. Chancery Rule 10, subd. *d*, reads:

"And every material allegation in the bill to which the defendant shall not make answer shall be taken as admitted."

(*b*) Appellant also contends that his wife was not "his agent having in charge such premises," within the meaning of said section 10715, 3 Comp. Laws. At the time said service was made, appellant was absent from, and his wife present in, his residence situated upon said premises. She was afflicted with aphasia, which deprived her of all ability to communicate her thoughts by words, but she was an unusually strong woman, and her mind was perfectly clear. Appellant never expressly authorized her to act as his agent. As a matter of fact, she, owing to her affliction, did not attempt to control the premises, and asserted little authority in the management of household affairs. Appellant had in his employ a Mr. Veit, who, as he testifies, "generally supervises everything for me when I am not here." Mr. Veit testifies that in appellant's absence nobody gave him directions, but that "whatever she [Mrs. Rogers] tells me to do about the place when Mr. Rogers is not there goes, [but] she does not have anything to say about the general conduct of matters there outside of her own personal comfort." It may be inferred from this testimony that appellant never expressly delegated to his wife any authority to act as his agent; that he never expressly committed to his wife authority to control the homestead premises in his absence; and that she never exercised such authority. The intention of a husband to commit the charge of the homestead premises to his wife when he leaves her at home and goes away for a temporary absence, though not expressed, may generally, if not always, be inferred. I think that intention should be inferred in this case. I think that appellant intended that the authority of his wife to control the homestead premises should, if asserted, be recognized, and that

he intended that his employés should understand, as they did understand, that, in his absence, whatever orders she gave should be obeyed. It is to be inferred, then, that appellant intended to give his wife full authority to control the premises in his absence. Though she never exercised this authority, she nevertheless had it. This made appellant's wife his agent during his absence. It follows that the statement of lien was properly served.

2. Appellant insists that the materials for which complainant claims a lien were not used for the erection of the buildings upon his premises. We answer this by saying, that the testimony convinces us that they were so used.

3. Appellant contends that the decree appealed from denies his right to recoup damages by reason of the failure of the principal contractor to perform his contract. Defendant assumes that he has been denied this right because if he is credited with these damages and with his payments to the principal contractor, his indebtedness is less than the amount decreed against him. In other words, appellant's claim that his right to recoupment was denied rests upon the assumption that he is entitled to credit for the payments made to the principal contractor. This assumption is unwarranted. It is to be inferred from the record that before he made these payments appellant did not require the principal contractor to furnish the sworn statement specified in section 10713, 3 Comp. Laws, and that the payments themselves were not distributed pro rata among the subcontractors, laborers, and materialmen. Under these circumstances, appellant was not entitled to credit for these payments. See *Fairbairn* v. *Moody*, 116 Mich. 61; *Smalley* v. *Gearing*, 121 Mich. 190; *Hannah & Lay Mercantile Co.* v. *Hartzell*, 125 Mich. 177. If we deny appellant credit for such payments, as we must, it cannot be said that he has been denied the right to recoup damages.

Decree affirmed, with costs.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.