KOTCHER v. PERRIN.

1. Mechanics' Liens — Abandonment of Contract — Cost of Completion—Prorating Liens.

Where a building contractor abandons his contract after the owner has made payments to him without requiring of him the statement as to liens, etc., and the owner completes the building, and the amounts paid by the owner and disbursed by the contractor to laborers and materialmen is ascertainable, that sum, together with the cost of completing the building and the outstanding liens, divided into the contract price, gives the per cent. of each lienor's claim which he is entitled to recover.

2. Same—Nonperformance—Waiver—Loss of Rent.

The owner is not entitled to recoup for loss of rent where he has waived his right to insist upon the completion of the contract on the date stipulated.

Appeal from Wayne; Donovan, J. Submitted June 19, 1907. (Docket No. 28.) Decided October 4, 1907.

Bill by Charles W. Kotcher against Fred M. Perrin, Elizabeth A. Perrin, John B. Peterson, Jr., the William Monroe Company, the Pittsburgh Plate Glass Company, Sarah A. Nowers, and Ralph P. Peckham to enforce a mechanics' lien. Defendants Monroe Company, Glass Company, and Peckham filed answers in the nature of cross-bills to enforce certain liens. From a decree for complainant and cross-complainants, defendants Perrin appeal. Modified and affirmed.

*William C. Stuart,* for complainant.

*Wesley L. Nutten,* for defendants Perrin.

*Andrew C. Paterson,* for defendant William Monroe Co.

*James G. McHenry,* for defendant Nowers.

MONTGOMERY, J.   This is a proceeding to foreclose a lien by materialmen.   Defendant Peterson agreed to build a house for defendants Perrin complete for $3,750.   The contractor failed to complete the house, and the owner after it was abandoned paid $572.17 to complete it.   In addition he found liens, including complainant's, $555.05, defendant William Monroe Co.'s, $432.35, Ralph P. Peckham's, $250, and Pittsburgh Plate Glass Co.'s, $48.48, aggregating $1,285.88.   It was claimed by defendant that the contract price was almost fully paid before abandonment of the contract by the contractor, but as the payments to the contractor were made without requiring a sworn statement as to liens, etc., from the contractor, and as the court appears to have been of the opinion that the data for prorating the claims of the lien claimants with the amount disbursed in accordance with the rule in *Fairbairn* v. *Moody*, 116 Mich. 61, and *Delray Lumber Co* v. *Keohane*, 132 Mich. 17, were not furnished, a decree was given to complainant and William Monroe Co. for the full amount of their respective liens.   The defendants Perrin have appealed.

We have not found it difficult to find from the testimony in the case substantially the amount of money paid by the owners and disbursed by the contractor to the laborers and materialmen.   Defendant Perrin gave checks direct for material $1,433.40, not including $200 part proceeds of a check given to the contractor which complainant admits having received for lumber, making a total of $1,633.40.   In addition to this other checks were given to materialmen (mainly brick work) amounting to $975.   Defendant also gave checks to the contractor amounting to $1,130, but the evidence fails to show that all of this was expended on the job.   It is shown, however, that of this sum $938.24 was paid for labor.   Peterson testifies that he paid out $3,606, and while this testimony is criticised as hearsay, for the reason that some of the payments were made by the owner, it is obvious that the witness intended by this statement to give the cost to him up to

the time he abandoned the work.   The testimony of Mr. Monroe that the cost of the building would be $5,000 also corroborates the statements of Peterson and Perrin.

The cost of the building was as follows:

| | |
|---|---|
| Paid for material, etc. (1st list of checks by owner)_ | $1,633 40 |
| Paid for brick work, etc. (2d list of checks) _____ | 975 00 |
| Labor not included in above____ _____ | 938 24 |
| Cost of completion after abandonment_____ __ | 572 17 |
| Liens_____ | 1,285 88 |
| | $5,404 69 |

Of this amount $159 was for extras.   The contract cost, including extras, was $3,909.   The actual expenditures shown by the testimony, including liens, amount to $5,404.69.   If the contract price be prorated among those entitled to share, each must receive .70232 on the dollar. Complainant furnished a total of $1,055.05 worth of material.   His prorata share would be $740.95.   He has been paid $500, leaving due him $240.95.   William Monroe Co.'s full claim amounts to $432.35, and its prorata share amounts to $303.64.

We have examined the testimony cited in support of the claim that complainant is estopped from claiming more than $630 as the amount of his claim, and do not find the claim sustained.   Nor do we think the claim for loss of rent is made out.   It is evident that defendant waived the right to insist upon the completion of the contract on May 15th.

The decree will' be modified in accordance with this opinion.   The defendant Perrin will recover of complainant and defendant William Monroe Co. his costs of this court.   The decree of the lower court as to costs will stand affirmed.

BLAIR, OSTRANDER, HOOKER, and MOORE, JJ., concurred.