GODFREY LUMBER CO. *v.* COLE.

MECHANICS' LIENS—PRORATING LIENS—COST OF BUILDING — PAYMENTS IN VIOLATION OF STATUTE.

In computing the cost of a building in order to prorate the contract price among lien claimants, payments made by the owner without requiring the statement mentioned in section 10713, 3 Comp. Laws, and actually paid to laborers and materialmen, are to be considered.

Appeal from Kalamazoo; Adams, J. Submitted January 16, 1908. (Docket No. 39.) Decided February 15, 1908.

Bill by the Godfrey Lumber Company against Philip A. Cole and others to enforce a mechanics' lien. From a decree for complainant for less than the amount claimed, it appeals. Affirmed.

*Frost & Farrell*, for complainant.

*H. Clair Jackson*, for defendant Cole.

CARPENTER, J. As subcontractor, complainant furnished material to the amount of $1,778.66 used in the construction of three houses for defendant Cole. Of this amount it was paid $800. It brings this suit in equity to enforce a mechanics' lien for the balance of its claim, amounting to $978.66. The contract price of the houses was $3,500. They actually cost $4,478.66. (Included in this is $675 damages for defects and delay in construction.) Before the suit was instituted the owner had paid $2,825 (this together with the $675 damages amounts to $3,500, the full contract price), all of which had been used for "material and labor that went into the construction" of said houses. He made these payments, however, without requiring the statement mentioned in

section 10713, 3 Comp. Laws. From the money so paid all those who had furnished labor or material for said houses, excepting complainant, had been paid in full. The trial court held that complainant was entitled to such a proportion of its claim as the contract price was of the entire cost of the building. According to this percentage complainant was entitled to $615.32, and a decree for that amount was rendered. Complainant appeals.

Its counsel insist that in computing the cost of the building the trial court should not have considered payments made contrary to the provisions of section 10713, 3 Comp. Laws. We have never discussed this question, but we have decided it. We have held that such payments for labor or material actually used in construction are proper items in determining the cost of the building. *Delray Lumber Co.* v. *Keohane,* 132 Mich. 17; *Kotcher* v. *Perrin,* 149 Mich. 690. See, also, *Fairbairn* v. *Moody,* 116 Mich. 61, and *Smalley* v. *Gearing,* 121 Mich. 190. See, also, Wilkinson on Mechanics' Liens, §§ 100, 101. It is conceded that if the owner had paid nothing, and all those who contributed labor and material asserted liens, complainant would receive precisely what this decree gives him. We are unable to see why it should receive more because the claimants were paid and paid before they asserted their liens. This method of computation deprives the owner of credit for and compels him to lose all that he has paid to the various laborers and materialmen in excess of their pro rata share as required by *Smalley* v. *Gearing,* supra. As applied in this case it will compel defendant to pay $4,115.32 for houses which his contract entitled him to have for $3,500. Complainant as a lien claimant had a right to insist that the contract price be apportioned among the laborers and materialmen. Had such an apportionment been made it would have all that it was entitled to receive. *Fairbairn* v. *Moody* and *Kotcher* v. *Perrin,* supra. The decree appealed from gives complainant precisely what by such apportionment it is entitled to receive. This is equitable

and legal and in accordance with our decisions. There is no merit in complainant's contention.

Complainant insists that *J. E. Greilick Co.* v. *Rogers,* 144 Mich. 313, is opposed to these views. It was there claimed that the owner was entitled to recoup damages resulting from the default of the principal contractor. This involved the claim that he was entitled to credit for payments made in disregard of section 10713. We denied his right to such credit. It is possible that it might have been contended in that case that complainant's claim should be reduced because the cost of the building exceeded the contract price. This claim was not in fact made and was not considered by this court, and it is a very different claim from the one which was made. If that claim had been made we would have been called upon to determine whether these payments were made for material or labor which was actually used in the building, and if we sustained the claim we would not have given credit for the entire payment—and this is what defendant asked — but would simply have reduced complainant's claim in accordance with the percentage principle applied in this case. We did not, then, in that case, decide that such payments made for material or labor actually used in a building afforded no evidence of its cost. That question was not involved.

The truth is that two kinds of claims have been made in suits to enforce mechanics' liens respecting payments made contrary to section 10713, 3 Comp. Laws. *First,* the claim has been made that the owner is entitled to credit for such payments; that is, that to the extent of such payments his obligation is reduced. That claim was made in *J. E. Greilick Co.* v. *Rogers,* supra. Section 10713 in express terms required it be denied, and we so decided. *Second,* the claim has been made that such payments when made for labor or material actually used in the building furnish evidence of its cost. This claim has been uniformly upheld, as shown by the decisions heretofore cited. It is radically different from the first

claim. To use such payments as evidence of the cost of the building is not to give the owner credit for them. In such a case he receives no credit for the payment. As heretofore stated, if the claim had not been paid it would have afforded evidence of the cost of the building. Surely, it affords no less evidence because it has been paid.

Other objections are urged. They need not be discussed, for they are answered by the reasoning of this opinion and by the authorities herein cited.

The decree is affirmed.

GRANT, C. J., and BLAIR, MOORE, and McALVAY, JJ., concurred.