FRANK JAPES CO. *v.* PAGEL.

1. Mechanics' Liens—Materialmen—Payments Not in Conformity With Statute Disallowed.

Payments made by owner to contractor on sworn and unsworn statements which did not comply with the lien statute (3 Comp. Laws 1915, § 14799), should not be credited against materialman's lien, where the money was not distributed *pro rata* among subcontractors, laborers, and materialmen.

2. Same—Notice—Duty of Owner to Pay Materialmen.

Where owner had notice that materialman was furnishing materials, and contractor's sworn statement showed amount owing therefor, it was owner's duty to see that it was paid before making payment to contractor, and it should not be allowed as a credit against materialman's lien.

3. Same—Owner Waiving Right to Recoup Damages Not Entitled to Credit for Same.

Owner, who waived the right to insist on completion of the building within the time stipulated by making payments to the contractor on architect's certificates after the contract time for completion had expired, is not entitled to recoup damages against the contractor for loss of rent and for watchman's services, and therefore is not entitled to credit for same against materialman's lien.

4. Same—Owner Abandoning Work Not Entitled to Credit for Finishing It.

Owner, who abandoned work on a terrace and pool left unfinished by the contractor, who quit, is not entitled to a credit of the amount required to finish the work against materialman's lien.

5. Same—Where Payments Plus Lien Less Than Contract Price, Lien Should be Allowed in Full.

Where the sum of payments to contractor by owner for which he is entitled to credit as against materialman's lien, plus the amount of the lien, is less than the contract price, the lien should be allowed in full.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted January 31, 1929. (Docket No. 57, Calendar No. 33,779.) Decided June 3, 1929. Rehearing denied September 4, 1929.

Bill by Frank Japes Company, a Michigan corporation, against Una Locke Pagel, Edward D. Finn, and others to foreclose a mechanic's lien. From the decree rendered, all parties appealed. Modified and affirmed.

*Wurzer & Wurzer (John T. Higgins,* of counsel), for plaintiff.

McDONALD, J. This bill was filed to recover the value of materials for which the plaintiff had a lien on premises belonging to the defendant Una Locke Pagel. The value of the materials was $3,140.61, no part of which has been paid. To secure a vacation of the lien, the owner filed a bond in form as required by the statute with defendants Edmund T. Paterson and William M. Locke as sureties. This action is based on the bond. The defendant Edward D. Finn was the general contractor. In a cross-bill the owner, Una Locke Pagel, asked damages against Finn caused by his failure to complete the building at the time agreed upon and his subsequent abandonment of the contract. At the hearing, the court entered a decree allowing damages against the contractor and fixing the amount of the plaintiff's lien at the sum of $1,217.48. All parties have appealed.

The only question to be determined is the amount of the plaintiff's lien. The value of the materials furnished is conceded. The principal controversy arises over the allowance by the court of certain payments made by the owner to the contractor. The

first payment in dispute was for $1,803.67. It was made upon receipt of the contractor's sworn statement, which did not comply with the lien statute in that it did not state the number and name of every subcontractor or laborer in his employ or the name of every person furnishing materials. 3 Comp. Laws 1915, § 14799. As this payment was not distributed *pro rata* among the subcontractors, laborers, and materialmen, no portion of it should have been allowed as a credit to the owner against the lien of the plaintiff. *J. E. Greilick Co.* v. *Rogers,* 144 Mich. 313; *Hannah & Lay Co.* v. *Hartzell,* 125 Mich. 177; *Stevens* v. *Garland,* 198 Mich. 24.

The second payment was for $3,070.91. It was made without any sworn statement, was not distributed *pro rata,* and therefore should not have been credited against the lien.

A payment of $1,000 was made by the owner after having received a sworn statement from the contractor showing an indebtedness to the plaintiff of $450 for materials furnished. Previous to this, the owner had received notice that the plaintiff was furnishing materials. This imposed on him the duty to see that the $450 was paid before making payment to the contractor. On this payment of $1,000, $450 should be disallowed as a credit against the lien. *Acme Lumber Co.* v. *Swanston,* 214 Mich. 562.

The trial court allowed the owner to recoup damages for the loss of rent and for watchman's services because the building was not completed at the time stipulated. This item amounting to $608.21 should not have been allowed, for the reason that he waived the right to insist on completion of the building within the time stipulated by making payments to the contractor on certificates of the architect after the contract time for completion had expired.

*Kotcher* v. *Perrin,* 149 Mich. 690; *Stevens* v. *Garland,* 198 Mich. 25.

The court also allowed the owner a credit of $1,000 to complete a terrace and pool which were left unfinished by the contractor when he quit the job. This work was abandoned by the owner after the contractor quit. In determining the plaintiff's lien, it would be inequitable to credit the owner with money which he did not expend on the work and for which he was not liable.

The contract price of the building including extras was $17,599.44. The total of the payments made was $16,593.28, from which there should be deducted the payments which have been disallowed as credits against the lien, amounting to $5,324.58. This would leave a balance of $11,268.70. Adding thereto $3,140.61, the amount of the plaintiff's lien, would produce a sum much less than the contract price. This results in allowing the plaintiff's lien in full. *Lumber Co.* v. *United Home Builders,* 222 Mich. 265.

The decree of the trial court will be modified in accordance with this opinion. The plaintiff will have costs.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.