D. T. NORTON LUMBER COMPANY, Appellant, v. DRIVING PARK ASSOCIATION *et al.*, Respondents.

### Kansas City Court of Appeals, January 6, 1896.

1. **Mechanics' Lien:** PAYMENT TO AGENT: CHECK.  A payment by check by the contractor to the material man's agent, who informs the property owner that the contractor has paid the material man when the agent knows the owner is withholding payment from the contractor until he settled with the material man, estops the material man from enforcing a lien against the property.

2. ——: ——.  Considering the relations between the parties, it is *held* that the property owner had a right to rely upon the statement of plaintiff's collecting agent.

3. ——: PAYMENT BY CHECK: AGENT.  The fact that the auditor of the defendant knew that a payment to the material man was made by the contractor's check, will not be notice to the defendant, since such information was not conveyed to defendant's general manager who paid claims.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*J. B. Hamner* for plaintiff.

(1)   The only question in this case is, is the plaintiff estopped from claiming a lien by virtue of what Sublette said to Halliwell & Cunningham about the payment by Snider to Sublette; and was instruction for defendants numbered 3, justified by the evidence of Halliwell & Cunningham.   And this brings the case down to what declarations, admissions, and statements made by an agent will bind his principal.   "No man can set up another's act or conduct as the ground of estoppel, unless he has been misled or deceived thereby." *Bales v. Perry*, 51 Mo. 449; *Spurlock v. Sproule*, 72 Mo. 563; *State ex rel. v. Sitlington*, 51 Mo. App. 259; *Rechla v. Gruensfelder*, 52 Mo. App. 43.   (2)   Halliwell knew that Sublette was the collector of plaintiff and had only gotten Snider's check, and Halliwell had no reason or right to believe that a collector of a corporation has authority to agree and bind his principal to accept the check as payment, and the check was not payment, unless the plaintiff expressly agreed to accept it as payment.   *Appleton v. Kennon*, 19 Mo. 641; *Leabs v. Goode*, 67 Mo. 126; *Riggs v. Goodrich*, 74 Mo. 112; *Bank v. Parsons*, 32 Mo. 191; *Howard v. Jones*, 33 Mo. 583; *McMurry v. Taylor*, 30 Mo. 263; *Commiskey v. McPike*, 20 Mo. App. 82; *Selby v. McCullough*, 26 Mo. App. 66; *Johnson-Brinkman Co. v. Bank*, 116 Mo. 558; *Hall v. Rivy Co.*, 50 Mo. App. 179.   And the presumption is that a check is not taken in payment.   *Johnson-Brinkman Co. v. Bank, supra.*   (3)   And to accept the check as payment was not within the scope of Sublette's agency, nor within the apparent authority of a collector, as collectors' authority is known to be that they may receive cash, only, and not trade or anything short of money.   *Spencer v. Rose*, 28 W. Va. 333; *Falls v. Gaither*, 9 Port. 605; *Broughton v. Silloway*, 114 Mass.

71; *Barks v. Hubbard*, 69 Ala. 379; *Hurley v. Watson*, 13 West. 543; *Wheeler v. Givan*, 65 Mo. 89; *Benny v. Rhodes*, 18 Mo. 147; *Mfg. Co. v. Hilbert*, 24 Mo. App. 338; Story on Agency, 413, 429, 430; *Lumber Co. v. Kreeger*, 52 Mo. App. 423. (4) A principal is not estopped denying the authority of an agent having limited powers—by any representations of the agent—if the principal has not authorized the agent. Bigelow on Estoppel, 598; Mechem on Agency, 714; *Bohart v. Oberne*, 36 Kan. 284; *Robinson v. Anderson*, 3 West. (Ind.) 677; *Bond v. Pontiac, etc.*, 5 West. (Mich.) 581; *Machine Co. v. Crow*, 70 Iowa, 340; *Lumber Co. v. Kreeger, supra.*

*Gage, Ladd & Small* for respondents.

(1) Nothing was said about a check to Mr. Cunningham, the general manager and secretary of the Driving Park Association. The representation made to him by Mr. Sublette, was that the appellant's lumber bill had been paid; and that he could safely, therefore, pay the contractors, which he had refused to do the day before for the very reason that the lumber bill had not been paid. (2) But the representation to Mr. Halliwell was not that the appellant's agent had taken a check in payment. Snider told Halliwell that he had given appellant his check for the amount due him, and for Mr. Halliwell to see Mr. Sublette, to verify his statement. Snider also showed Halliwell a receipt from the appellant for money paid. Halliwell then saw Mr. Sublette about the matter, and Sublette said: "It is all right; you can go ahead and pay Mr. Snider." The only inference from this testimony is that Sublette represented, not that he had taken a check in payment, but that the appellant's bill had been paid (if by check, that the check had been paid) and receipted for, and

that it was all right, therefore, for the Driving Park Association to pay the contractors, Force & Snider. (3) But it is claimed that Sublette had no authority to represent, either to Halliwell or to Cunningham, that the appellant's bill against Force & Snider had been paid, and *Lumber Co. v. Kreeger*, 52 Mo. App. 421, is cited as authority for that proposition. An examination of that case will show that it does not support the appellant's contention. (4) "The rule has been long and firmly established, that where one by his words or conduct willfully causes another to believe in a certain state of things, and induces him to act upon that belief so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time. *Savings Ass'n v. Kehlor*, 7 Mo. App. 158; *Taylor v. Zepp*, 14 Mo. 482; *Bates v. Perry*, 51 Mo. 449; *Spurlock v. Sproule*, 72 Mo. 503; *Acton v. Dooley*, 74 Mo. 63; *Newman v. Mueller*, 16 Neb. 523; *Davis v. Handy*, 37 N. H. 65; *Pickard v. Sears*, 33 Eng. Co. Law, 257.

ELLISON, J.—This action is to enforce a mechanic's lien for lumber furnished to defendants, Force & Snider, and used by them as contractors in the construction of an amphitheater for the other defendant, the Driving Park Association. The association paid Force & Snider what was due them as contractors. Judgment below was against the plaintiff, as to the mechanics' lien, and plaintiff appeals.

The association claims, and the evidence sustains the claim, that it refused to pay Force & Snider until the latter had settled their lumber account with the plaintiff. That thereupon Force & Snider said they would do so and afterwards informed the general manager of the association that they had done so; that they had paid one Sublette, who, the manager knew,

was plaintiff's collecting agent. The general manager asked such agent if the plaintiff's bill had been paid to him, whereupon he replied that it had, and that he, the manager, would be perfectly safe in paying to Force & Snider whatever was due them. In reliance upon this, the manager thereupon paid Force & Snider what was due them. The payment made to Sublette by Force & Snider was by check, which was afterward dishonored. But the general manager had no knowledge of the payment having been made by a check; at least, there is no evidence tending to show that he had such knowledge. It is clear from the evidence that plaintiff's agent knew of the claim which Force & Snider had against the association, and that such association was holding payment until Force & Snider settled with plaintiff. Under such circumstances, plaintiff is estopped from now enforcing a lien against the property of the association.

But plaintiff contends that Sublette was a mere collecting agent and, as such, had no authority to bind them by the statement which he made to the general manager. We are of the opinion that, considering the relation which these parties bore to one another, and the association's right to protect itself against a lien by plaintiff, the association had a right to rely upon the statement of the agent that the payment had been made to him.

Plaintiff further contends that the association knew when it paid Force & Snider that the latter had paid plaintiff by check, and that payment by check, in absence of a special agreement to that effect, was not a payment, if the check was dishonored. There was evidence which showed that the auditor of the association knew that the payment to plaintiff was by check, but this information was not conveyed to the general manager whose business it was to pay the claim. There

was no evidence which tended to show that the auditor's duties were such as would carry with them authority to charge the association with his knowledge. The mere fact that he was auditor was not sufficient.

Upon the whole case we are of the opinion that the jury was properly instructed and that the verdict was for the right party. It will accordingly be affirmed. All concur.