FROHLICH v. ASHTON.

1. MECHANICS' LIENS—SUBCONTRACTOR—ESTOPPEL—GUARANTY.
    By guaranteeing the performance of a building contract, a subcontractor estops himself from claiming a mechanics' lien upon the building which was abandoned by the contractor and constructed by the owner.

2. SAME—COMPUTATION OF LIENS—COST OF BUILDING.
    In computing the percentage to which each of the lienors is entitled, the unpaid bills for labor and materials for which no liens have been filed or, if filed, abandoned, should not be

included in estimating the cost of the building which is abandoned by a contractor and completed by the owner; if they file and prosecute liens their claims must be considered, but if they choose to rely on the contractor for payment, the bills should be disregarded. Opinion in *Frohlich* v. *Ashton*, 159 Mich. 265 (123 N. W. 1130), modified on rehearing.

MOORE, J., dissenting.

Appeal from Wayne; Donovan, J. Submitted October 14, 1909. (Docket No. 91.) Reargued June 30, 1910. Former opinion modified December 30, 1910.

Bill by Simon Frohlich against Laura M. Ashton and others to enforce a mechanic's lien. Defendants Ashton and Sapiro appeal. Affirmed.

*Lucking, Emmons & Helfman*, for complainant.

*Bernard B. Selling*, for defendant Ashton.

*Edwin S. Bartlett*, for defendant Sapiro, assignee, etc.

*James H. Bayne*, for defendant S. J. Guilloz & Co.

*O. E. Angstman*, for defendant Weber.

*George M. Read*, for defendant Forster.

*McDonald & Axford*, for defendant White & Fisher.

BROOKE, J. This case is reported in 159 Mich. 265 (123 N. W. 1130), to which reference is made for the facts.

Two questions require consideration.

(1) Is the Michigan Lumber Yard estopped from participation in the fund until the other lienors have been paid?

(2) What is the proper method of computing the cost of the building?

While in terms the opinion filed does not dispose of the first question, it is evident that the court considered the matter and intended to affirm the action of the court below in this regard. In any event, we are now of opinion that the circuit court was correct in holding that the Michigan Lumber Yard was estopped, for the reason that it

had guaranteed the performance of the contract, and had directed payments to be made to the principal contractors. *Fairbairn* v. *Moody*, 116 Mich. 61 (74 N. W. 386, 75 N. W. 469); Wilkinson on Mechanics' Liens, p. 100.

In our former opinion, we held that in computing the percentage to which each of the lienors was entitled there should be included, not only the sums actually paid by the owner and the enforceable liens, but also the amount of bills for labor and material which had gone into the structure, for which no liens had been filed, or, if filed, had been abandoned. As authority for this view, we cited and quoted from *Godfrey Lumber Co.* v. *Cole*, 151 Mich. 280 (114 N. W. 1018). A re-examination of the question convinces us that the case cited does not support this view.

It is a matter of no consequence to either the owner or the lienors, if some of the subcontractors who have furnished labor or material for the building choose to rely for payment upon the principal contractor. If they take advantage of the provisions of the statute and file and prosecute liens, their claims must be considered. If not, and the owner has neither paid nor is liable to pay their claims, they should be disregarded.

It follows that the decree of the circuit court should have been, and it now is, affirmed, with costs.

BIRD, C. J., and OSTRANDER, HOOKER, MCALVAY, BLAIR, and STONE, JJ., concurred with BROOKE, J.

MOORE, J. I am content with the rule as stated in the opinion in the case as reported in 159 Mich. 265 (123 N. W. 1130).