## WEST v. PINKSTON, et al.

No. 2505. Decided January 30, 1914 (138 Pac. 1152).

1. MECHANICS' LIENS—WAIVER—METHOD. Any lien claimant may waive his right to a lien, either by not filing a notice of his intention to claim a lien within the time prescribed by statute, or by informing the owner that he has received payment from the original contractor, or that he will not insist on his right to file a lien. (Page 127.)

2. MECHANICS' LIENS—ESTOPPEL TO CLAIM LIEN—RECEIPT IN FULL. A subcontractor having a lien for the reasonable value of labor performed and material furnished, not exceeding the original contract price, and required to prorate with other lien claimants of the same class in case the claims exceeded the contract price, by taking the contractor's check for the amount of his lien and giving a receipt in full to enable the contractor

to obtain money of the owner which otherwise would not have been paid, and which reduced the balance on the contract price to a sum less than the amount of lien, was estopped from enforcing such lien; the fact that some other lienor might have had a claim for a lien against the owner being unimportant. (Page 127.)

3. MECHANICS' LIENS—ENFORCEMENT—AMOUNT OF RECOVERY. In such case the subcontractor was entitled to recover against the owner only the balance of the contract price; the fact that the house when complete was worth more than such contract price being immaterial. (Page 130.)

4. MECHANICS' LIENS—PROCEEDINGS—COSTS. A subcontractor entitled to enforce his lien only to the amount of the balance of the contract price which the owner had stood ready to pay, so that no action need have been brought to recover, was not entitled to costs against the owner. (Page 130.)

APPEAL from District Court, Third District; *Hon. T. D. Lewis,* Judge.

Action by C. West against E. M. Pinkston and Mary L. Albaugh to foreclose a mechanic's lien.

Judgment for plaintiff for partial relief. Plaintiff appeals.

AFFIRMED.

*James Ingebretsen* for appellant.

*A. E. Moreton, E. O. Leatherwood,* and *E. A. Walton* for respondents.

FRICK, J.

This was an action by a subcontractor to foreclose a mechanic's lien. The complaint was directed against the original contractor and the owner of the premises, and is in the usual form in such actions. The contractor answered the complaint, but his answer is not material here and will not be further noticed. The owner of the premises, who is the respondent here, also answered the complaint, setting up two

defenses, one negative and the other affirmative; the latter being in the nature of an estoppel. The case was tried to the court, who made findings of fact and conclusions of law against the appellant; and judgment was duly entered thereon, to reverse which this appeal is prosecuted.

The findings of fact fairly reflect both the pleadings and the evidence, and we shall state the material parts thereof in place of a statement of facts.

The court found that prior to the 1st day of August, 1910, Mary L. Albaugh, hereafter called "respondent," entered into a contract with her corespondent, E. M. Pinkston, hereafter designated "contractor," whereby the latter agreed to erect and complete a dwelling house for her upon certain premises owned by her for the agreed price of $3075; that on or about the 1st day of August aforesaid said contractor sublet to appellant the mason work required for said dwelling at the agreed price of $850; and that said work was performed between the 1st and the 26th days of August, 1910, as agreed upon by appellant, and he then became entitled to said sum of $850 for said work; that on or about the 2d day of September, 1910, the contractor, in payment for said work, made and delivered his personal check to appellant for said sum of $850, at which time appellant delivered to the contractor a receipt in full, which receipt was made and delivered to enable the latter to obtain the money due him on the contract price from respondent; that said contractor, within a few days thereafter, exhibited said receipt to the respondent, stating to her that he had paid the appellant for the work aforesaid; that, relying upon said receipt and the representations of said contractor, respondent paid him the sum of $900 to apply on the building contract; that, when said contractor delivered his check as aforesaid to appellant, it was agreed between them that the check should not be presented for payment for a few days so as to give the contractor time to obtain the necessary money from respondent and deposit the same in the bank on which the check was drawn; that, after said contractor received said sum of $900 as aforesaid, he did not deposit the same in the bank, and

refused to pay the same, or any part thereof, to appellant,. and at no time paid the latter said sum of money or any part thereof for said work; that, when respondent paid said sum of $900 as aforesaid to the contractor, she did not know, nor was she informed in any way that the said contractor had not paid appellant as shown by said receipt, but she then believed, and acted upon such belief, that appellant had received payment in full for said work, and that she would not have paid said money to said contractor had she known or been informed that appellant had not been paid in full as indicated by his receipt, and that by reason of the premises she was deceived; that, "since said payment of said $900 to the defendant Pinkston by the defendant Albaugh, the defendant Albaugh has not paid to the defendant Pinkston any sum of money or any other thing on account of said contract or contract price, except payments to other subcontractors of said Pinkston in payment for and discharge of their several valid claims, demands, and liens, and rights to liens upon said premises for the completion of the said contract with the said defendant Albaugh; that at the time this suit was begun all of said contract price had been so and properly paid out by the defendant Albaugh towards the finishing and completion of said dwelling house except the sum of $222.07; that before this suit was begun the defendant Albaugh advised the plaintiff (appellant) that the defendant Albaugh would, upon the completion of said house and contract of said Pinkston, account to the said plaintiff and protect him to the extent of any moneys remaining due upon said contract with said Pinkston, and said Albaugh has at all times been able, ready, and willing to do the same; that this suit was prematurely brought; that the plaintiff is estopped to maintain this action; that in open court, during the trial of this cause, the defendant Albaugh offered to do equity and to submit to judgment in this cause notwithstanding said suit was prematurely brought for the said balance remaining in her hands, and which said balance is $282.72, except that the defendant Albaugh insisted and insists on an abatement of said sum in the amount of her costs and attorney's fees in this

suit; that there is still due and unpaid on the original contract between defendant Albaugh and defendant Pinkston the sum of $222.07, and still due and unpaid on account of extras the sum of $60.65, and in equity the plaintiff (appellant) is entitled to the same as against the defendant Pinkston." The court also found that appellant had complied with the provisions of our statute respecting the filing of a mechanic's lien and that he was entitled to the sum of twenty-five dollars as attorney's fee as against the contractor.

Upon the foregoing facts the court entered conclusions of law that appellant is entitled to judgment against the respondent Albaugh in the sum of $282.72, without costs, and that the costs of respondent, including an attorney's fee of twenty-five dollars for defendant the mechanic's lien proceedings amounting to twenty-five dollars be deducted therefrom; that appellant is entitled to judgment against Pinkston, the contractor, for the full amount of $850 with interest, and for twenty-five dollars as attorney's fee, and for his costs and expenses of preparing and filing his lien. Judgment was entered accordingly.

While appellant's counsel has assigned numerous errors, he, in his brief, has reduced all of them to two propositions: (1) That the trial court erred in holding that appellant by his conduct, had estopped himself from enforcing or had waived his right to enforce a mechanic's lien against respondent and her property; and (2) that it erred in holding that the appellant was not entitled to enforce his lien to the extent of the balance remaining in respondent's hands, and that he could not recover costs and attorney's fee as against her.

The first proposition seems to be based very largely upon the fact that, after appellant had failed to obtain the money from the contractor, he went to see the architect of the building in question, and that he (the architect) and the lumber company, which had obtained the money from the contractor, and the contractor then entered into an arrangement whereby the lumber company agreed that it would waive its right to a lien against the dwelling

house in question to the extent of $1000 in consideration of having received the money paid to the contractor as aforesaid. In view of this arrangement, counsel for appellant argues that respondent was practically placed just where she was before she had paid the money to the contractor, so far, at least, as the right to file liens against her dwelling was concerned. It should, however, be remembered that respondent was not a party to the foregoing arrangement and had no part or share in it, and therefore is not to be bound as a party thereto. The question therefore is: Can she in any way be affected by that arrangement? We think not. Appellant's rights to a lien as against respondent and her property were purely statutory. This right, under our statute, where the terms of the same are being complied with by all interested parties, exists in favor of all subcontractors, laborers, and materialmen for the full contract price, and for nothing beyond that. That is, where the owner complies with the provisions of the statute and does not consent thereto, liens cannot exceed the contract price, although the value of the labor and material furnished may exceed such price. It is for this reason, no doubt, that under our statute all liens in the same class are compelled to prorate. Appellant therefore had a right to a lien as against the premises of respondent for the reasonable value of the labor performed and material furnished by him not exceeding the original contract price, and in enforcing his lien he would be required to prorate with all other lien claimants, if any, of the same class in case the claims exceeded the contract price. Any lien claimant may, however, waive his right to a lien. He may do so by not filing a notice of his intention to claim a lien within the time required by statute, or by informing or advising the owner of the premises that he has received payment from the original contractor, or that he will not insist on his right to file a lien. If the owner of the premises acts upon the statements and representations of the claimant, and a lien is nevertheless filed, the enforcement of which is resisted by the owner of the premises upon the ground that the claimant has waived his right to a lien or is estopped from

enforcing it for the reason that to do so would result in injury or prejudice to the owner, the courts, ordinarily, will not—and ought not—permit a lien to be enforced. The rule applicable to the facts found in this case is well stated in the headnote to the case of *Cote, etc., Brick Co. v. Sadring,* 68 Mo. App. 15, in the following words:

"A materialman, who executes a receipt of payment in full to the contractor for material furnished for a building, for which he sues the owners, who honestly and without any negligence on their part paid the contractor upon the faith of such receipt, is estopped from saying tht the acknowledgment of payment is untrue."

Under the facts found there can be no doubt that respondent was induced to pay the original contractor at least the sum of $850 upon the receipt issued by appellant in which he represented that he had received payment in full for both the material and labor he had furnished and performed on the dwelling house in question. Appellant therefore clearly authorized, as well as induced, the respondent to pay the contractor the $850, which, but for the receipt of appellant, she undoubtedly would have paid to him. After having induced respondent to pay the money, we cannot see how appellant can complain. In legal effect she paid the money as directed by him, and he must look to the contractor and not to her for the same. Respondent thereafter had a right to deal with all others who had any claim upon her as though appellant was out of the case.

Nor is the fact important here that some third person who might have had a claim for a lien against respondent's dwelling waived such right. (*Frohlich v. Ashton,* 164 Mich. 132, 129 N. W. 18.)

Under the statute, therefore, appellant had lost all rights as against respondent and her property. We remark that this conclusion is based upon the undisputed facts that the appellant issued the receipt to the contractor with the understanding and for the purpose that he should use the same to obtain the money due to appellant as subcontractor from

the respondent; that it was fully understood between the appellant and the contractor that the latter had no money in the bank to pay the check, but that such money had to be obtained from the respondent; and that the receipt was to be used as a means to obtain the money. Upon these facts, we think the appellant is clearly estopped from making any further claim against the respondent under the statute.

Appellant's counsel seem to think, however, that appellant had some rights under the general principles of equity. But here again the trial court gave him every right known to the rules of equity. In addition to this, respondent always had offered, and was ready and willing to pay, what the court had allowed appellant. Counsel argues, however, that the dwelling house, after it was **3, 4** completed, was worth more than the contract price, and in view that there are materials and labor in the same which were furnished by appellant and for which he has not been paid, equitably he should receive the enhanced value rather than respondent. This contention entirely ignores the fact that respondent was entitled to a dwelling which was to be constructed and completed in accordance with the plans and specifications for the contract price agreed upon. If the dwelling was worth more than such price, the difference was as much hers either in law or in equity as was any other property she may have owned. Appellant is denied relief as against respondent because of his own acts, and not because of the acts of any one else. He has no right to claim anything belonging to her simply because he has lost something which may in some way be of benefit to her. She paid the full contract price, and if appellant's contentions should prevail she would now be compelled to pay $568 in excess of that amount. This, if counsel's contentions prevailed, would not result in vindicating any equitable principle, but would merely amount to the old method of robbing Peter to pay Paul. After respondent had paid all other claims for labor and material performed on and furnished for her dwelling, she had $282.72 left of the contract price. This balance, less some costs and expenses to which she was clearly

entitled, she always was willing to pay to appellant. This amount is what the trial court awarded him. In our judgment that is all that he was entitled to, and, in view that it was not necessary for him to have filed a lien nor to have instituted an action as against the respondent to obtain said balance, the court was right in not awarding him costs as against her.

We think that what has been said sufficiently shows that the trial court did not err in holding that appellant had either waived his right to claim a lien or was estopped by his own conduct from enforcing one. The foregoing also answers the second proposition. The following cases will be found to support the doctrine herein anounced: *Chilton v. Lindsay,* 38 Mo. App. 57; *Cote, etc., Brick Co. v. Sadring, supra; Green Bay Lumber Co. v. Thomas,* 106 Iowa, 154, 76 N. W. 651; *Frohlich v. Ashton, supra;* Phillips on Mechanics' Liens (3d Ed.) section 273.

The judgment of the trial court is clearly right and is affirmed, with costs to the respondent Albaugh.

McCARTY, C. J., and STRAUP, J., concur.