405 P.2d 345

**Robert PIERCE, E. A. Tiffany, Fred Walters and DeWayne Walters, Plaintiffs and Respondents,**

**v.**

**Robert W. PEPPER, dba R. W. Pepper Construction Company, and Majestic Corporation, a Utah corporation, Defendants and Appellants.**

No. 10209.

Supreme Court of Utah.

Sept. 1, 1965.

**124**

John Elwood Dennett, Salt Lake City, for appellants.

Heber Grant Ivins, American Fork, for respondents.

HENRIOD, Chief Justice:

Appeal from a judgment for plaintiff employees against defendant home constructor, for wages, based on the latter's failure to require a contractor's bond under Title 14–2–1, Utah Code Annotated 1953. Affirmed with costs to plaintiffs.

The facts are simple. The plaintiff employees were paid by their employer, Pep-

per, with worthless checks. They went to the defendant builder, who paid them for part of their work on condition they would sign releases and give lien waivers for everything. The plaintiffs acceded, but still were unpaid for their labor, because of the worthless checks.

Failure to require the contractor to file the statutory bond is absolute and not subject to compromise here since the obligation was not dubious, contradictory or otherwise and any attempt to circumvent the statutory interdiction was without consideration. In this case the workers were entitled to their pay. This court did not pass the statute, but we think it clear enough to impose liability if the builder forgets it or tries to save a bond premium by violating it. Having violated it, under the facts of this case, there was no consideration for the waivers, and the failure to require the contractor to file a bond to protect these workers under the plain wording of the statute, cannot ameliorate the obligation of the builder from its terms, by any no-consideration David Harum negotiation with the workers. The statute appears to be designed to protect the worker, not the man who institutes and proceeds to construct something for *his* benefit,—not that of the carpenter who is asked to help for a wage. It appears to us that the statute here is controlling. The carpenter did not default, but the builder did. There might be a situation presenting

a different problem, but it does not exist under the facts of this case.

McDONOUGH, CROCKETT, WADE and CALLISTER, JJ., concur.