449 P.2d 116

ROBERTS INVESTMENT COMPANY, a
Utah corporation, Plaintiff and
Respondent,

v.

GIBBONS AND REED CONCRETE PROD-
UCTS COMPANY, a corporation,
Defendant and Appellant,

GIBBONS AND REED CONCRETE PROD-
UCTS COMPANY, a corporation,
Plaintiff and Appellant,

v.

Frank W. ROBERTS and W. Calvin Roberts,
dba Roberts Investment Company, et al.,
Defendants and Respondents.

No. 11254.

Supreme Court of Utah.

Jan. 3, 1969.

Bryce E. Roe, of Roe, Jerman & Dart, Salt Lake City, for appellant.

Thomas P. Vuyk, Salt Lake City, for respondents.

TUCKETT, Justice:

The above-mentioned cases were consolidated in the court below for trial. In the first of the above-entitled cases Roberts Investment Company commenced an action for slander of title, and in the second case, Gibbons and Reed Concrete Products Company filed its action to foreclose a mechanic's lien and for a money judgment pursuant to the provisions of Sec. 14–2–1, U.C.A. 1953. These cases were tried in the court below without a jury, and at the conclusion thereof the court dismissed the claims of all parties.

Gibbons and Reed Concrete Products Company, appellant here, seeks reversal of the judgment claiming it is entitled to judgment in the sum of $1,561.68, together with interest and costs, and also an attorney's fee in the sum of $750.

The Roberts Investment Company owned certain real property in Salt Lake City on which it undertook to construct a building. In proceeding with the building project Roberts employed various contractors to accomplish different portions of the construction. One of the contractors employed by Roberts was the American Construction Company which undertook to erect the concrete walls of the building. From February 19, 1964, to April 15, 1964, Gibbons and Reed furnished to American Construction Company concrete of the value of $1,561.68. Roberts took over the construction project from American Construction Company and proceeded to complete the building. During the period from May 7 to August 20, 1964, Gibbons and Reed furnished concrete to Roberts of the reasonable value of $7,505.64 which was used in the construction of the building. On August 27, 1964, Roberts paid to Gibbons and Reed the sum of $7,505.64 and demanded a receipt which recited that the sum mentioned was in full payment for labor and material furnished by Gibbons and Reed for the building in question, and further recited that any disputes over amounts due for materials delivered to owner are waived and settled, and Gibbons and Reed released the owner from all and any claims it may have against the owner.

Thereafter on September 2, 1964, Gibbons and Reed filed a mechanic's lien against the property for the amount of material furnished to the American Construction Company. At the time of the payment to Gibbons and Reed of the $7,505.64 discussion was had between Roberts and the manager of Gibbons and Reed about the material furnished to American Construction Company, and Roberts at that time informed appellant that it would not pay the obligation owed by the American Construction Company. Roberts also stated that unless

Gibbons and Reed executed the receipt and the lien waiver, payment would not then be made. The notice of claim of lien filed by Gibbons and Reed did not accurately set forth the dates between which the material was furnished, and it is also stated that the materials were furnished to Roberts Investment Company, rather than to the American Construction Company. The terms and conditions of the contract under which the material was furnished were entirely omitted from the notice. On or about February 22, 1965, Gibbons and Reed filed an amendment of claim of mechanic's lien wherein the correct dates when the material was furnished were supplied, and the other deficiencies above mentioned were corrected. During the trial it was stipulated that if Gibbons and Reed were entitled to an attorney's fee, the sum of $750 was reasonable.

At the conclusion of the trial the court found and concluded that the release and receipt executed by Gibbons and Reed was in fact a release of all claims of Gibbons and Reed against Roberts and ordered that a judgment of no cause of action be entered. The court further found that the lien as amended was improper, but that it was not filed with any wilfulness, malice or wantonness, and that Roberts sustained no damage by reason of the filing thereof. The court thereupon ordered that a judgment of no cause of action be entered upon the claim of Roberts for slander of title.

Gibbons and Reed here contend, as they did in the court below, that Roberts failed to comply with the provisions of Sec. 14–2–1, U.C.A. 1953, in that it failed to obtain from the contractor a bond conditioned for the faithful performance of the contract and the prompt payment for materials furnished; and that by reason of such failure Roberts became liable under the provisions of Sec. 14–2–2, U.C.A. 1953. There is no dispute in the record on this point, nor does Roberts contend that the statute was complied with. It is Roberts' contention that having made payment and having received the release of all claims from Gibbons and Reed, it is relieved from any liability arising under the statute. It is Roberts' further contention that Gibbons and Reed having received payment "now" rather than "later" was a sufficient consideration for the release and that the same did in fact release it from any liability arising out of the obligation of American Construction Company's failure to pay for the materials supplied to it by Gibbons and Reed. With this we cannot agree. The amount owing by Roberts to Gibbons and Reed for materials supplied to Roberts on its own account was a liquidated sum, and there is no dispute that that amount was then due and owing. There was no consideration for the release of the claim against

the American Construction Company.[1] We are of the opinion that Gibbons and Reed is entitled to judgment against Roberts for the sum of $1,561.68, together with interest and costs.

■ The appellant Gibbons and Reed also contends that it is entitled to a reasonable attorney's fee by reason of the provisions of said Sec. 14–2–3, U.C.A.1953, which provides:

> In any action brought upon the bond provided for under this chapter the successful party shall be entitled to recover a reasonable attorney's fee to be fixed by the court, which shall be taxed as costs in the action.

It should be noted that this section does not provide for an attorney's fee in the event that a bond is not supplied. The legislature might well have provided for an attorney's fee in the event that one who was subject to the provisions of the statute having failed to supply a bond was obligated to pay a reasonable attorney's fee to one who was injured by reason of the failure to supply a bond. However, the legislature did not so provide. In the companion chapter dealing with public contracts it is observed that the legislature by Sec. 14–1–8 did in fact provide for attorney's fees to the prevailing party in an action brought upon the bonds provided therein, or against

the public body failing to obtain the delivery of the payment bond. We must assume that the legislature in the case of private contracts did not intend to provide for attorney's fees where a person subject to the provisions of the chapter fails to supply a bond.

■ Gibbons and Reed as a further contention claims that in any event it is entitled to an attorney's fee under the provisions of Sec. 38–1–18, U.C.A. 1953 and as a part of its attempt in these proceedings to foreclose its mechanic's lien.

The notice of lien prepared and recorded by Gibbons and Reed was deficient in that it did not substantially comply with the statute[2] as noted above and by reason of the omissions therein was ineffectual. Gibbons and Reed attempted to correct these deficiencies by filing an amendment of claim of mechanic's lien which did supply the information omitted in the original notice. However, the amendment was filed after the time for filing liens had expired. Some states have provided by statute for the amendment of notices of lien,[3] but no such statute exists in this state. We are of the opinion that notices of liens may not be amended in any substantial manner after the time has expired for the filing of the same. We must conclude that Gibbons and Reed is not entitled to recover attorney's

---

1. Pierce v. Pepper, 17 Utah 2d 123, 405 P.2d 345.

2. Sec. 38–1–7, U.C.A.1953.
3. 81 A.L.R. 364.

fees as provided for in Sec. 38–1–18, U.C.A. 1953.

This matter is remanded to the court below with instructions to amend its findings and judgment in accordance with the views herein expressed.   Costs to appellant.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.