**J. P. KOCH, INC., a corporation, Plaintiff and Respondent,**

**v.**

**J. C. PENNEY COMPANY, INC., a Foreign Corporation, and Skyline Construction Company, Defendants and Appellants.**

**No. 13850.**

Supreme Court of Utah.

April 15, 1975.

Wallace D. Hurd, Joseph J. Palmer, Salt Lake City, for defendants and appellants.

Richard H. Moffat, John L. Young, Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Plaintiff J. P. Koch, Inc., as subcontractor, sued the owner, J. C. Penney Company, for a balance on labor and materials it furnished in the building of defendant's store in Bountiful during the summer of 1970. The general contractor was Skyline Construction Company. It let to plaintiff the subcontract on the general mechanical portion of the construction. These facts appear without dispute: plaintiff furnished labor and matrials of the reasonable value of $580,925.36 (net after adjustments). During the course of construction Penney made progress payments totaling $569.668.-34; and has tendered into court the difference, $11,317.02. The difficulty arises because the general contractor Skyline, which is now insolvent, admits that it has failed to pay over to its subcontractor, plaintiff Koch, the sum of $56,147.97.

The position essayed by the plaintiff Koch is that even though Penney has paid to the general contractor Skyline the full amount of the contract, it is nevertheless

also obligated to pay Koch the $56,147.97 which Skyline failed to pay over to Koch, because Penney failed to furnish a bond as required by Section 14–2–1, U.C.A.1953. In opposition to the foregoing, defendant Penney contends that in order to reduce the expense of the total contract by $11,000 bonding costs, an arrangement was entered into whereby it would advance money to the general contractor (Skyline) only upon furnishing to Penney a lien waiver by the subcontractor (plaintiff Koch) acknowledging receipt of the stated amount of money and waiving lien rights on the property; and that this procedure was followed with respect to each of the payments made, including a final one by which Koch acknowledged the receipt of the total sum paid, $569,608.34. Penney urges that because Koch thus knowingly induced it to pay the money to Skyline, Koch should be estopped to deny that it received the payments as so represented.

On the basis of the pleadings, answers to interrogatories and depositions, the trial court granted plaintiff's motion for summary judgment. In his memorandum decision he expressly stated that in making payments Penney had relied on the lien waivers. But he also stated that Penney could not justifiably rely on the lien waivers, or the figures contained therein, and said reliance is not a defense to the claim of the plaintiff.

■ The position of the plaintiff in support of the ruling of the trial court seems to be that failure of the owner to furnish the bond required by Section 14–2–1 results in absolute liability; and that the plaintiff could neither waive its right nor be estopped from enforcing it. This of course is not true. Notwithstanding the provisions of that statute, there is no question but that a person may waive or forego the rights it gives him, the same as he could

any other property right. We have held that a lien waiver, which induces a debtor to pay, is binding according to its terms.[1]

With respect to this transaction, plaintiff makes two further contentions. The first is a factual argument: that the furnishing of the lien waivers was handled in a perfunctory manner, that is, some of them were signed with the date and the amounts left blank, to be filled in by the general contractor; and that under such circumstances, Koch should not be deemed to be bound thereby, nor Penny to have reasonably relied thereon. Koch couples with this a legal argument that in making the progress payments defendant Penney did nothing other than pay debts it owed, and thus gave no consideration for the lien waivers; and consequently cannot claim reliance on them as an inducement to make payment.

In regard to those contentions these comments are pertinent: as to the first: whatever the other facts may be concerning the execution of the lien waivers by Koch and their being forwarded to Penney, it is certain that some such procedure was followed as a prerequisite to Penney making the payments to Skyline. If they were given to Skyline in blank, to be filled in and delivered to Penney, this might well be regarded as giving Skyline authority as agent for Koch to fill them in. In any event, it seems significant that Koch should have known that these waivers were in fact being used to induce Penney to make payments to Skyline and that Koch was acknowledging the receipt of the money he was entitled to.[2]

■■ Concerning plaintiff's contention that Penney gave no consideration for the lien waivers, and that it could not rely on them as a basis for estoppel, we make these observations: The invocation of estoppel does not necessarily involve any

---

1. Holbrook v. Webster's Inc., 7 Utah 2d 148, 320 P.2d 661.

2. That a material man who executes a receipt acknowledging payment in full, by which the owner in reliance thereon is induced to pay the contractor, estops the material man from repudiating his receipt see West v. Pinkston, 44 Utah 123, 138 P. 1152.

contract or agreement between the parties,[3] consequently, the elements of a contract are not involved and there is no requirement of consideration.[4] It is a doctrine of equity to prevent one party from deluding or inducing another into a position where he will unjustly suffer loss. As applicable here, the test is whether there is conduct, by act or omission, by which one party knowingly leads another party, reasonably acting thereon, to take some course of action, which will result in his detriment or damage if the first party is permitted to repudiate or deny his conduct or representation.[5]

It should be apparent from what we have said herein that there is dispute between the parties on material issues upon which their rights depend, so there should be a trial and both parties be given an opportunity to adduce their evidence. The comments in this opinion on matters of law have been made because it is appropriate to do so where a case is remanded for trial.[6] But we do not desire to be understood as indicating any opinion as to how the issues of fact should be resolved.

The judgment as entered devised a special formula for the payment of interest, which it is unnecessary to discuss in detail here. It is sufficient to say that the rate of interest is fixed either by contract, or in the absence thereof by the law.

In accordance with our discussion, it is necessary that the summary judgment be vacated and that the case be remanded for trial. Costs to defendant (appellant).

HENRIOD, C. J., and ELLETT, TUCKETT and MAUGHAN, JJ., concur.

3. Treadwell v. Henderson, 58 N.M. 230, 269 P.2d 1108.

4. Thom v. Thom, 208 Minn. 461, 294 N.W. 461; 28 Am.Jur.2d, p. 643 and other cases there cited.

5. Kelly v. Richards, 95 Utah 560, 83 P.2d 731; 129 A.L.R. 164; Barber v. Anderson, 73 Utah 357, 274 P. 136. The case of Roberts Inv. Co. v. Gibbons and Reed Concrete Products Co., 22 Utah 2d 105, 449 P.2d 116, relied on by plaintiff, is distinguishable from the instant one in that it did not involve estoppel, but was concerned with whether the waiver in fact related to a certain portion of the material man's claim. Similarly the case of Pierce v. Pepper, 17 Utah 2d 123, 405 P.2d 345, did not involve estoppel as contended in the instant case.

6. See Rule 76(a) U.R.C.P.; LeGrand Johnson Corp. v. Peterson, 18 Utah 2d 260, 420 P.2d 615.