320 P.2d 661

Ward C. **HOLBROOK** and Mabel F. Holbrook, his wife, Plaintiffs and Respondents,

v.

**WEBSTER'S Inc.,** a corporation, Defendant and Appellant, Elvin Coon et ux. and et al., Defendants, and Leonard A. Trimble and Alice Trimble, his wife, Defendants and Respondents.

No. 8724.

Supreme Court of Utah.

Jan. 28, 1958.

Nielsen & Conder, for appellant.

Milton V. Backman, John Farr Larson, John W. Lowe, Salt Lake City, for respondents.

WORTHEN, Justice.

Appeal by Webster's Inc. from an order granting a Summary judgment in favor of plaintiffs and against appellant.

On September 7, 1956, the plaintiffs filed an action agaisnt Webster's Inc., and others to foreclose a mortgage on certain real property in Davis County, State of Utah. The complaint alleged that appellant claimed a lien right for materials furnished.

Mr. Elvin Coon was a general contractor and builder of homes and built the home in question but failed to pay Webster's Inc. for materials furnished. Webster's Inc. filed a materialman's lien against the property.

Appellant Webster's Inc. answered plaintiffs' complaint and set up its lien in a counterclaim and asked for foreclosure of said lien.

In its notice of lien Webster's Inc. referred to Elvin Coon as "the contractor and owner and the reputed owner of said premises" and said notice also recited that appellant " * * * hereby claims and intends to hold and claim a lien upon that certain land and premises owned and reputed to be owned by Elvin Coon."

The mortgage given by Coon to plaintiffs' assignor, Prudential Federal Savings & Loan Association, recited that "the mortgagor is lawfully seized of said premises in fee simple, and has good and lawful right to mortgage, sell, and convey the same."

The pleadings establish the following: (1) that the mortgage on the property in question was executed by Coon on May 16, 1955, and was recorded May 23, 1955, (2) that appellant on April 11, 1956, filed for record a lien against the property for materials furnished.

On March 29, 1957, plaintiffs filed a Motion for Summary Judgment and the trial court after argument and after briefs were filed granted Summary Judgment in plaintiffs' favor. The motion stated that it is based upon the files, records and pleadings in said cause, and upon the evidence introduced by defendants in proving up their claim.

Rule 56(c), U.R.C.P., provides in part " * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"

Plaintiffs contend that there is no genuine issue as to any material fact and that the trial court correctly entered judgment in their favor as a matter of law.

Two propositions divide the parties: one as to whether the lien of Webster's Inc. was filed within the time required by the Utah statute and the other as to whether Webster's Inc. waived and released any lien it had, and any right to lien which it acquired.

The first proposition requires a determination as to whether Webster's Inc. was the original contractor or a subcontractor. The applicable statutory provisions are found in Title 38, Chapter 1, U.C.A. 1953 and are so far as material here as follows:

"[Section] 38–1–2. Whoever shall do work or furnish materials by contract, express or implied, *with the owner,* as in this chapter provided, shall be deemed an original contractor, and all other persons doing work or furnishing materials shall be deemed subcontractors." (Emphasis added.)

Section 38–1–7 requires that every original contractor within eighty days after completion of his contract must file for record with the County Recorder of the county in which the property, or some part thereof, is situated a notice of lien; while, a subcontractor is allowed sixty days after construction is completed.

The trial court did not indicate in its Summary Judgment whether or not it found that Elvin Coon was the owner of the real estate. If such fact were unequivocally established then appellant was necessarily an original contractor.

It is admitted by appellant that its notice of lien was filed 83 days after it furnished the last materials on the house. However the notice of lien was filed within 60 days after the construction was completed.

As heretofore indicated the mortgage from Coon to Prudential Federal Savings & Loan Association declared that the mortgagors were seized of the premises in fee simple.

It was recited in appellant's notice of lien that appellant claims a lien upon the land "owned and reputed to be owned by Elvin Coon." Said notice also referred to Elvin Coon as the contractor and owner of said premises. The trial court may well have considered that there was no genuine issue of fact presented.

However, it is unnecessary to resolve that proposition since we are of the opinion that upon the other proposition the court was warranted in granting the judgment as a matter of law and there could be no issues of fact, since the appellant had released any lien it had or was entitled to claim.

Appellant executed a written receipt and lien waiver. The same was on the reverse side of an instrument entitled "Contractors Authorization For Payment," which was signed by Elvin Coon and was addressed to Prudential Federal Savings & Loan Association, and contained the following:

"This authorizes you to pay to Webster Lumber Co. the sum of Seven Hundred and no/100 Dollars ($700.00) for and on account of labor and/or materials furnished and delivered by said payee to the undersigned on account of construction of building and improvements on Lot 29 of

Val Vista "C"; said payment to be charged to the undersigned with respect to your loan No. U–15982. Craft materials."

Elvin Coon
———————————
Contractor

On the bottom of the above authorization was the following:

"(The receipt and lien release on the reverse side hereof must be executed by the payee above named.)"

The Receipt and Lien Release was in words and figures as follows:

"Salt Lake City, Utah, Nov. 12, 1955 Received from Prudential Federal Savings and Loan Association, (hereinafter designated Association), the sum of Seven Hundred and no/100............Dollars ($700.00) in payment upon labor and/or materials furnished and delivered by the undersigned for construction of building and improvements on Lot 29 of Val Vista 'C.' This receipt is executed and delivered by the undersigned to the Association *to induce it to make payment to the undersigned of the above stated sum* from funds held by it for the owner of above described real property and in consideration thereof the undersigned hereby waives, releases and discharges any lien or right to lien the undersigned has or may hereafter acquire against said real property." (Emphasis added.)

Lyle D. Webster

The Receipt and Lien Release is supported by a valuable consideration, is unambiguous and is not subject to being varied by parol. There is no contention that the Lien Release and Waiver was procured by fraud or misrepresentation.

Lyle D. Webster filed his affidavit wherein he stated that he signed the Receipt and Lien Release set out herein. He further declared that said Release was "only intended to release the property insofar as the receipted amount is concerned only," and that he did not intend to release any of the remaining balance by reason of the receipt.

We are of the opinion that no genuine issue of fact is presented by the Lien Release. The only issue is one of law. It does not lie in the mouth of appellant to say that he was mistaken in the legal effect of the release or that he did not intend that it should be given the only legal effect of which it is susceptible.

Even if the notice of lien was filed within the time required, the release of any lien or right to lien that appellant had or might thereafter acquire was effective for the purpose of releasing such lien.

Had the court declined to grant the motion for summary judgment and had appellant attempted to vary the terms of the Release by testimony that appellant did not intend the release to mean what its unambiguous language shows its legal effect to be, such testimony would be inadmissible.

The release is susceptible of only one meaning and absent fraud cannot be varied except by agreement of the parties. The trial court correctly held that plaintiffs were entitled to a judgment as a matter of law.

Judgment affirmed. Costs to respondent.

McDONOUGH, C. J., and CROCKETT, WADE, and HENRIOD, J., concur.