426 P.2d 811

**SMITH BROTHERS LUMBER COMPANY,
a corporation, Plaintiff and Respondent,**

**v.**

**William E. JOHNSON and his wife, Lila
Johnson, Defendants and Appellants.**

**No. 10701.**

Supreme Court of Utah.

April 21, 1967.

Daines & Thomas, Logan, for appellants.

George C. Heinrich, Logan, for respondent.

HENRIOD, Justice.

Appeal from a judgment ordering foreclosure of a mechanic's lien. Affirmed with costs to Smith.

Smith was a supplier of certain building materials. One Skabelund, owner of the property and a carpenter by trade, decided to improve his home and in doing so, bought materials from Smith on a credit open account sort of off-the-shelf fashion. When most of his work was done, he conveyed the home to appellant Johnson, who must have seen what was going on. Nonetheless, Skabelund, to his everlasting "credit,"

finished the improvements which obviously inured to the present and future benefit of Johnson. Trouble brewed when Skabelund neglected to pay Smith about a $600 balance he owed for purchase of products from Smith. The reason: Skabelund fled the realm and found refuge in an Arizona bankruptcy sanctuary.

Smith filed a mechanic's lien 62 days after furnishing the last materials. The parties by stipulation asked this court to tell them if Smith was or was not an original contractor under the facts of this case, the answer to which would give him 80 days to file his lien, or only 60 if he were other than an original contractor.

Our answer is 80 days. We base it on the simple language of Title 38–1–2, Utah Code Annotated 1953,[1] the facts of this case, which essentially are the same as those of Holbrook v. Webster's, Inc.[2] and the statement of Mr. Justice Worthen in that unanimous opinion.[3] There is no question here about ownership. It is true that in the Holbrook case, the issue reflected in the statement was an answer to one of two issues, the other being whether a release of lien had been effected. True, also, is the fact that the latter was the decisive issue, needing no further affirmation by the former. However, irrespective of that fact, and assuming that Mr. Justice Worthen's commentary conceivably may have been obiter, nonetheless we now adopt that conclusion and language as the law of this case. This decision has to do only with the question of who may or may not be an original contractor—nothing else.

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, JJ., concur.

---

1. "[Section] 38–1–2. Whoever shall do work or furnish materials by contract, express or implied, *with the owner*, as in this chapter provided, shall be deemed an original contractor, and all other persons doing work or furnishing materials shall be deemed subcontractors." (Emphasis added.)

2. 7 Utah 2d 148, 320 P.2d 661 (1958).

3. "The trial court did not indicate in its Summary Judgment whether or not it found that Elvin Coon was the owner of the real estate. If such fact were unequivocally established then appellant was necessarily an original contractor."