**LeGRAND JOHNSON CONSTRUCTION COMPANY, a Utah Corporation, Plaintiff and Appellant,**

v.

**James J. KENNEDY, III and Kathleen J. Kennedy, husband and wife, Defendants and Respondents.**

**No. 14038.**

Supreme Court of Utah.

Oct. 31, 1975.

L. Brent Hoggan, Olsen, Hoggan & Sorenson, Logan, for plaintiff and appellant.

George W. Preston, Logan, for defendants and respondents.

TUCKETT, Justice:

Plaintiff initiated these proceedings for the purpose of foreclosing a lien pursuant to the provisions of Section 38–1–11, U.C.A.1953. The plaintiff supplied concrete which was used in the construction of a home built for the defendants, together with certain work performed in relation thereto. From an adverse judgment in the District Court of Cache County, plaintiff is here seeking a reversal.

On or about September 24, 1971, the defendants contracted with one Zan Longstroth to build a home on property owned by the defendants. Plaintiff furnished ready-mix concrete used in the building of the home, and also supplied some of the labor in connection therewith. The total amount of labor and materials furnished by the plaintiff was in the sum of $2,694.93. Prior to and during the construction Longstroth became heavily indebted to the plaintiff for materials furnished for the defendants' home as well as other construction projects the contractor was engaged in. On or about December 1, 1971, Longstroth received $6,000 from a bank which was paying out the money which was being advanced to the defendants on a construction loan. Of the $6,000 Longstroth paid to the plaintiff the sum of $5,000 which the plaintiff applied to Longstroth's open account and credited it to the oldest items of the account without identification as to any particular job.

After receiving payment from the defendants' lender, Longstroth, the building contractor, obtained from the plaintiff a lien waiver signed in blank. It was contended by the plaintiff that one Dick Sackett, an employee of the plaintiff, was not authorized to execute the waiver in question. The trial court found otherwise based upon the testimony that Sackett had authority to enter into agreements for the sale of concrete, and specifically the concrete furnished for the job in question. The testimony further shows that Longstroth made it a practice to obtain from Sackett on behalf of the plaintiff lien waivers and releases for the purpose of obtaining payments on other jobs and in turn to make payments to the plaintiff.

The lien waiver in question was duly presented to the defendants' bank, and the bank relied upon the signature of Sackett in advancing the money obtained by Longstroth.

Plaintiff contended in the court below as well as on appeal that the lien waiver was invalid due to the fact that it was not filled up at the time it was executed and that it did not specify the name of the bank from which payment was received. The evidence disclosed that there had been a practice of dealing between Longstroth and the plaintiff whereby the plaintiff issued to the building contractor lien waivers and releases in blank and gave authority to the contractor to complete the instruments, and that the lien release in question was for the purpose of releasing any claim of lien by the plaintiff on the construction of the home for the defendants. By its agent, Sackett had authorized Longstroth to fill

in the blank spaces on the instruments releasing the liens.[1]

Based upon the evidence the trial court found that the lien waiver was valid and found the issues in favor of the defendants and awarded to them attorney's fees. We are of the opinion that the trial court's judgment is correct, and the same is affirmed. Other claimed errors were advanced by the plaintiff and appellant here, but in view of our treatment of the case, we deem it unnecessary to discuss those matters. Defendants are entitled to costs.

HENRIOD, C. J., and ELLETT, CROCKETT, and MAUGHAN, JJ., concur.

1. *Holbrook v. Webster's, Inc.*, 7 Utah 2d 148, 320 P.2d 661; *Brimwood Homes, Inc. v. Knudsen Builders Supply Co.*, 14 Utah 2d 419, 385 P.2d 982; *Zions First National Bank v. Saxton*, 27 Utah 2d 76, 493 P.2d 602.